UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
GABRIEL OWENS,                                             :
                                                           :
       Plaintiff,           :
                                                           : **MEMORANDUM DECISION AND**
   -against-                                    : **ORDER**
                                                           :
12710 KITCHEN CORP., JAGDEI                                : 24-cv-6312 (BMC)
THAKURDEEN, and SHON                                       :
THAKDURDEEN,                                               :
                                                           :
       Defendants.         :
                                                           :
----------------------------------------------------------- X

**COGAN**, District Judge.

  This is a wage recovery action under the Fair Labor Standards Act and corresponding provisions of New York state law seeking, *inter alia*, unpaid overtime for plaintiff's work as a bartender and server at the individual defendants' restaurant or bar. It is before me on plaintiff's motion for a default judgment. The individual defendant Jagdei Thakurdeen moved *pro se* for two extensions to find an attorney, which were granted, but that was nearly five months ago and there has been no other appearance by defendants. Defendants were properly served and the Clerk has entered their default under Fed. R. Civ. P. 55(a). Plaintiff has moved for a default judgment, and defendants have not responded to that either.

  Plaintiff's submissions sufficiently satisfy the requirements for obtaining a default judgment. His affidavit and the complaint, which is deemed true as to its factual assertions regarding liability, show that he worked 6-7 days per week and averaged 48-56 hours per week. This is sufficient to state a claim under the FLSA. See Herrera v. Comme des Garcons, Ltd., 84 F.4th 110, 115 (2d Cir. 2023).

Plaintiff has submitted a spread sheet extrapolating the various elements of damages available under the state and federal law and with some exceptions, those appear appropriate. Minimum wages owed are $6464. Overtime wages owed based on time worked are $3008. Spread-of-hour wages under the Labor Hour are $1488. Disgorged tips are $9300. Liquidated damages based on these amounts are $20,260.

I disallow and dismiss plaintiff's claims for lack of the required wage notice statements and wage hiring notice under the Labor Law because he lacks Article III standing to maintain those claims. See Deng v. Frequency Electronics, Inc., 640 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022). He may reassert those claims in state court.

The Court also denies plaintiff prejudgment interest as the award of liquidated damages is more than sufficient to compensate him for the loss of the time value of money, and he has no claims under the NYLL damages beyond those provided by the FLSA. See McFarlane v. Harry's Nurses Registry, No. 17-cv-6350, 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020).

Plaintiff's claim for $402 in costs, consisting of the purchase of the index number for this action, is allowed.

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $40,922.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 12, 2025